IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VETTER MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-09-298-F |
| | ) | |
| UNITED STATES MARSHAL SERVICE, et al., | ) ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

Petitioner is a federal prisoner appearing *pro se* who has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice for failure to comply with the Court's Orders.

With his initial Petition filed March 20, 2009, Petitioner submitted a one-page "Sworn Certificate of Poverty & Motion to Proceed In Forma Pauperis." In this Motion, Petitioner merely attested that he was indigent and had not assets or funds. On March 23, 2009, the undersigned entered an Order to Petitioner to Cure Deficiency advising Petitioner that his *in forma pauperis* motion was not on the proper form and giving him until April 13, 2009, to cure this deficiency. On March 27, 2009, Petitioner filed a Motion for Leave to Proceed *In Forma Pauperis*. This application was filed on the proper form but it did not contain the

1

requisite certified statement of institutional accounts signed by the appropriate prison official. See 28 U.S.C. §1915(a)(2). Accordingly, on April 9, 2009, the Petitioner was again ordered to cure this deficiency in his *in forma pauperis* application, and he was given until April 29, 2009, to correct this deficiency. On April 17, 2009, Petitioner filed another Motion for Leave to Proceed *In Forma Pauperis* which again fails to provide the requisite certified statement by a prison official of Petitioner's institutional accounts.

In each of the Orders entered by the undersigned granting Petitioner additional time to cure the procedural deficiencies in his *in forma pauperis* applications, Petitioner was cautioned that a failure to comply with the Order could result in the dismissal of his cause of action without prejudice and without further notice. In these Orders, Petitioner was fully advised of the specific requirements for completing his *in forma pauperis* application. Petitioner has repeatedly failed to comply with the Court's Orders and has provided no explanation for this failure. Additionally, Petitioner has failed to comply with 28 U.S.C. §1915(a)(2) or submit the proper filing fee in order to proceed in this Court with his habeas action.

Petitioner's failure to prosecute this action or comply with the Court's Orders warrants a dismissal of the cause of action without prejudice. See Fed. R. Civ. P. 41(b); United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); Brandenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980)(*per curiam*), cert. denied, 450

U.S. 984 (1981).  See also Sheptin v. Correctional Healthcare Management Contractor Co., 288 Fed. Appx. 538, 2008 WL 3099327 (10th Cir. Aug. 6, 2008)(unpublished op.)(finding 28 U.S.C. § 1915(a)(2) "is clear that, in addition to the prisoner's affidavit of indigency, he must also file the six-month certified account statement" and district court did not abuse its discretion in dismissing action without prejudice based upon prisoner's failure to comply with the court's order to submit his certified, six-month account statement); Allred v. Shumaker, 257 Fed. Appx. 93, 2007 WL 4230700 (10th Cir. Dec. 3, 2007)(upholding dismissal of prisoner's action where prisoner failed to comply with district court's multiple orders to submit certified, six-month institutional account statement).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 be DISMISSED without prejudice.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by      May 20th  , 2009, in accordance with 28 U.S.C. §636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

  ENTERED this   30th   day of   April  , 2009.

             GARY M. PURCELL
             UNITED STATES MAGISTRATE JUDGE